UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| DANIEL W. GRABILL,<br><br>  Plaintiff,<br><br>v.<br><br>ROSENTHAL, MORGAN & THOMAS, INC.,<br><br>  Defendant. | Case No. : 3:23-cv-00503-BJD-PDB |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST ROSENTHAL, MORGAN & THOMAS, INC.**

**NOW COMES** DANIEL W. GRABILL ("Plaintiff"), by and through his undersigned attorney and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, requesting that this Honorable Court enter a Default Judgment against ROSENTHAL, MORGAN & THOMAS, INC. ("Defendant")  and in support thereof, states the following:

1. On April 28, 2023, Plaintiff filed his Complaint for Relief against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 et seq., and violations of the Florida Consumer Collection Practices Act ("FCCPA"), pursuant to Fla. Stat. § 559.55 et seq., stemming from Defendant's unlawful conduct. The basis of Plaintiff's Complaint is that Defendant violated FDCPA and  FCCPA by engaging in the following conduct:

  a. Engaging in abusive, harassing and oppressive conduct by relentlessly calling Plaintiff's cellular phone after Plaintiff requested calls to cease;

1

    b. Engaging in abusive, harassing and oppressive conduct by relentlessly calling Plaintiff's cellular phone more than seven times within seven days;

    c. unfair and unconscionable means in attempt to collect the alleged subject debt;

    d. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff.

2. On May 8, 2023, a process server named Mikhael Goldgisser served Defendant with a copy of the Summons and Complaint. [Docket No. 5].

3. On May 26, 2023, Defendant's time to answer or otherwise plead elapsed.

4. On June 23, 2023, after Defendant failed to answer or otherwise plead, Plaintiff caused to be filed a Motion for Entry of Default. Attached to the Motion for Entry of Default was an affidavit signed by the undersigned counsel attesting that service had properly been effectuated and Defendant was not in member of a protected category. A copy of Plaintiff's Motion for Entry of Default was mailed to Defendant's principal place of business as well as to its' registered agent. [Docket No. 6].

5. On June 26, 2023, the Clerk of the Court entered an Entry of Default against Defendant. [Docket No. 7].

6. Having gained an Entry of Default against Defendant, Plaintiff now moves this Honorable Court to enter a Default Judgment on a Sum Certain against Defendant and in favor of Plaintiff.

7. Defendant is aware of the instant proceedings and has willfully chosen not to enter the case despite proper service.

8. Plaintiff seeks actual damages and payment of his costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

## DAMAGES

9. Plaintiff seeks actual damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A). As Plaintiff stated in his Complaint, Defendant deceptively began placing outgoing collection calls to Plaintiff's cellular telephone, after he requested for all calls to cease, in order to harass and induce Plaintiff into making a payment on the subject debt.

10. Furthermore, Defendant placed no less than seven calls to Plaintiff's cellular telephone in fewer than a seven days.

11. FDCPA and FCCPA further provide for punitive damages in appropriate circumstances. As outlined in Plaintiff's Complaint, the nature of Defendant is such that punitive damages will be appropriate in this case.

12. Defendant's actions in this matter has clearly demonstrated a lack of respect for the law and legal process. They have had notice of this lawsuit. Rather than avail themselves of the legal process, Defendant has willfully chosen not to participate and as such has waived their right to be given any benefit by this Honorable Court.

## ATTORNEY FEES AND COSTS

15. Plaintiff seeks $**1,008.75** in reasonable attorney fees and costs pursuant to 15 U.S.C. § 1679g(a)(3). *See* attached Exhibit A is a true and correct itemization of Plaintiff's reasonable attorney fees and costs and attached Exhibit B is a true and correct copy of an affidavit endorsed by the undersigned.

**WHEREFORE**, Plaintiff, DANIEL W. GRABILL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Entering a Default Judgment against Defendant and in favor of Plaintiff;

b. Awarding Plaintiff actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant and in favor of Plaintiff;

c. Awarding Plaintiff statutory damages of $1,000 pursuant to 15 U.S.C. §1692k(a)(2)(A);

d. Awarding Plaintiff $ **1,008.75** in costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and in favor of Plaintiff;

e. Allowing Plaintiff to participate in an evidentiary hearing in order for this Honorable Court to determine his damages in this case;

f. Allowing judgment interest to be added; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 18, 2023          Respectfully submitted,

s/ *Alexander J. Taylor*
Alexander J. Taylor, Esq.
Counsel for Plaintiff
Sulaiman Law Group, Ltd.
2500 South Highland Avenue,
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181

ataylor@sulaimanlaw.com

4

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Plaintiff, certifies that July 18, 2023, he caused a copy of the foregoing **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ROSENTHAL, MORGAN & THOMAS, INC.,** to be served by U.S. Priority Mail on:

>ROSENTHAL, MORGAN & THOMAS, INC.
>C/O REGISTERED AGENT
>**CT CORPORATION SYSTEM
>1200 SOUTH PINE ISLAND RD
>PLANTATION, FL33324**

>s/ *Alexander J. Taylor*
>Alexander J. Taylor