UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DANIEL W. GRABILL, *Plaintiff*, v. ROSENTHAL, MORGAN & THOMAS, INC., *Defendant*. | Case No. 3:23-cv-503-BJD-PDB Honorable Magistrate Judge Patricia D. Barksdale |

## MEMORANDUM IN SUPPORT OF PERSONAL JURISDICTION

**NOW COMES** DANIEL W. GRABILL ("Plaintiff"), by and through her undersigned attorney, hereby addressing this Honorable Court's October 17, 2023 [Doc. 12] order to provide a legal memorandum addressing whether this Court has personal jurisdiction over Defendant as follows:

### BACKGROUND

On April 28, 2023, Plaintiff filed his complaint against Rosenthal, Morgan & Thomas, Inc., ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Fla. Stat. § 559.55 *et seq*. In Plaintiff's complaint and pursuant to Defendant's website, Plaintiff alleges the Defendant's principal place of business is in St. Louis, Missouri.[1] Plaintiff is a resident of Jacksonville, Florida. Plaintiff

---

[1] https://rmtcollects.com/

1

further alleges that subject matter jurisdiction is conferred on this court by the FDCPA, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claims. [Compl. ¶1-3]. Plaintiff is a Florida resident residing in Jacksonville, Florida. [*Id*. at ¶5.] Defendant is a Missouri Company domiciled in St. Louis, Missouri. Defendant is a full service debt recovery corporation specializing in the collection of consumer debt throughout the United States [*Id*. at ¶6.]

## **LEGAL STANDARD**

District courts in the Eleventh Circuit apply a two-prong test to determine whether personal jurisdiction exists over a defendant. *Mutual Serv. Ins. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004); *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). Ordinarily, the court must first determine whether the plaintiff has alleged sufficient facts to subject the defendant to the forum state's long-arm statute. *See Future Tech. Today*, 218 F.3d at 1249. If jurisdiction is established under the forum state's long-arm statute, the court must then decide whether the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.*

A plaintiff must allege in the complaint facts that establish a prima facie case for personal jurisdiction over the defendant. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010); *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Pleading a prima facie case requires the plaintiff to allege sufficient facts "to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103, 104 (11th Cir. 1982).

Where, as here, this honorable Court has ordered this memorandum and so the defendant has submitted no affidavits or other evidence in support of personal jurisdiction, the facts alleged in the complaint must be accepted as true and all reasonable inferences drawn in favor of the plaintiff. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000); *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).

## I. Plaintiff Has Made a Prima Facie Case for Personal Jurisdiction

To determine whether the Court has personal jurisdiction over a nonresident defendant, the Court must engage in a two-part inquiry. *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). First, the Court must determine under state law whether the forum state's long-arm statute provides a basis for personal jurisdiction. *Id.* If it does, then the Court must determine whether the exercise of jurisdiction would comport with the Due Process Clause of the Fourteenth Amendment. *Id.* Due process requires that a defendant have sufficient "minimum contacts" with the forum state. *Id.* at 626, 631. The contacts must be related to the asserted cause of action, must involve the defendant's purposefully availing himself of the privilege of conducting activities in the state, and must be such that the defendant could reasonably anticipate being haled into court there. *Id.* at 631. In addition, the assertion of jurisdiction must be consistent with "fair play and substantial justice." *Id.* Accordingly, so long as Plaintiff's complaint alleges facts that would make out a prima facie case for jurisdiction, this Court must draw all reasonable inferences in favor of Plaintiff.

For the first prong, Florida's long-arm statute provides for personal jurisdiction over a nonresident defendant for causes of action arising from the defendant's

3

"[c]ommitting a tortious act within this state." § 48.193(1)(a)(2), F.S. Numerous decisions hold that sending communications into Florida in violation of statutes such as the FDCPA constitutes the commission of a tortious act within the state. *See, e.g., Goodwyn v. Accredited Mgmt. Solutions, LLC*, No. 8:20-cv-244-T-02TGW, 2020 WL 9454965, at *3 (M.D. Fla. Aug. 6, 2020), report and recommendation adopted, 2020 WL 9454938 (M.D. Fla. Sept. 2, 2020) (holding that "the defendant's alleged voicemail messages to a Florida resident in violation of the FDCPA and FCCPA also establish the court's personal jurisdiction over the defendant"). *See also, Koch v. Lake City Credit, LLC*, 6:19-cv-667-Orl-41GJK, 2019 WL 3719457, at *2-3 (M.D. Fla. July 23, 2019), report and recommendation adopted, 2019 WL 3717898 (M.D. Fla. Aug. 7, 2019) (holding that the plaintiff sufficiently alleged the defendant committed a tortious act in Florida by personal involvement in attempts to collect a debt by telephone and mail).[2]

Here, Plaintiff has made a prima facie case for personal jurisdiction under Florida's long-arm statute by alleging that Defendant (1) purposefully directed its debt collection phone calls to Plaintiff who is a resident of Florida, (2) Plaintiff requested that those phone calls cease in Florida, and (3) Plaintiff was harmed by Defendant's communications to Plaintiff in Florida. Specifically, Plaintiff, a Florida resident, alleges that Defendant placed incessant collection calls to her cellular phone with the intent to

---

[2] *See also, Alston v. Summit Receivables*, No. 6:17-cv-1723-Orl-31DCI, 2018 WL 3448595, at *3 (M.D. Fla. June 27, 2018), report and recommendation adopted, 2018 WL 3436789 (M.D. Fla. July 17, 2018) (holding that defendant's telephone calls to plaintiff in Florida as part of a debt collection effort were sufficient to establish personal jurisdiction under the tortious act provision of the long-arm statute); *Thomas v. ARM WNY, LLC*, No. 3:14-cv-360-J39MCR, 2014 WL 6871654, at *3-5 (M.D. Fla. Dec. 3, 2014) ("In this case, Plaintiff's cause of action arises from Defendant's phone calls seeking collection of an alleged debt.)

harass Plaintiff. (Compl. ¶¶5, 8-28.) Plaintiff further alleges that Defendant's phone calls violate the FDCPA and FCCPA and caused her injury. *Id.*

In addition to the first prong, Plaintiff clearly asserts that personal jurisdiction here would comport with due process. By sending electronic communications to Florida, Defendant purposely availed itself of the privilege of conducting business activities in this state and could reasonably expect to be haled into court here. The assertion of jurisdiction under these circumstances would not contravene "basic notions of fair play and substantial justice." Consequently, the complaint demonstrates a prima facie case for personal jurisdiction.

## CONCLUSION

As demonstrated by the face of Plaintiff's complaint, Plaintiff has made a prima facie case for personal jurisdiction. Specifically, Plaintiff meets the two-prong test for personal jurisdiction by alleging that Defendant targeted consumers in Florida by placing collection calls to Plaintiff while she resided and was present in Florida. Accordingly, Plaintiff has demonstrated that Defendant purposefully directed its activities to Florida, thus subjecting itself to this Court's jurisdiction.

Dated: November 1, 2023                                         Respectfully submitted,

*/s/ Alexander James Taylor*
Alexander James Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com

5

## CERTIFICATE OF SERVICE

  I hereby certify that on November 1, 2023, I caused a copy of the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system which will be sent to all attorneys of record.

                       */s/ Alexander James Taylor*